IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GORMAN L. DULL, ANNA DULL and JULIAN W. MEADOWS, on Behalf of Themselves and All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DAVID C. ARCH, J. MILES BRANAGAN, JERRY D. CHOATE, ROD DAMMERYER, LINDA HUTTON HEAGY, R. CRAIG KENNEDY, HOWARD J KERR, JACK E. NELSON, HUGO F. SONNENSCHEIN, SUZANNE H. WOOLSEY, PH.D., MITCHELL M. MERIN, RICHARD F. POWERS, III, WAYNE W. WHALEN, VAN KAMPEN FUNDS INC., VAN KAMPEN ASSET MANAGEMENT, and JOHN DOES NO. 1 through 100,<br><br>    Defendants. | No. 05C 0140<br><br>Honorable Amy J. St. Eve |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE
<u>VAN KAMPEN DEFENDANTS' MOTION TO DISMISS THE COMPLAINT</u>**

Steven F. Molo
Brian H. Polovoy
SHEARMAN & STERLING LLP
180 North Stetson Court
Two Prudential Plaza
Suite 5780
Chicago, Illinois 60601
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

Attorneys for Defendants
Van Kampen Funds Inc. and
Van Kampen Asset Management

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I. COUNTS I, II, III AND V MUST BE DISMISSED BECAUSE THEY ARE DERIVATIVE IN NATURE. ............................................................................................. 2

II. NO PRIVATE RIGHT OF ACTION EXISTS FOR SHAREHOLDERS UNDER ICA SECTION 36(a) FOR BREACH OF FIDUCIARY DUTY INVOLVING PERSONAL MISCONDUCT (COUNT III) AND ICA SECTION 47(b) FOR VIOLATION OF AN ADVISORY AGREEMENT (COUNT V). ................................... 4

    A. There Is No Private Right Of Action Under ICA Section 36(a) (Count III). ......... 4

    B. There Is No Private Right Of Action Under ICA Section 47(b) (Count V). .......... 5

III. PLAINTIFFS FAIL TO STATE A CLAIM UNDER ICA SECTIONS 36(a) (COUNT III) AND 36(b) (COUNT IV). ............................................................................ 6

    A. Plaintiffs Fail To State A Claim Under Section 36(a) (Count III).......................... 6

    B. Plaintiffs Fail To State A Claim Under Section 36(b) (Count IV). ........................ 6

IV. PLAINTIFFS' STATE LAW CLAIMS ARE PRECLUDED (Counts I and II). ............... 7

V. PLAINTIFFS LACK STANDING (COUNTS I-V). .......................................................... 8

CONCLUSION ............................................................................................................................. 10

**TABLE OF AUTHORITIES**

**CASES**

**Page(s)**

Alexander v. Sandoval, 532 U.S. 275 (2001) ...............................................................................4

Anderson v. Simon, 217 F.3d 472 (7th Cir. 2000) ........................................................................7

Central Bank v. First Interstate Bank, 511 U.S. 164 (1994) ............................................................5

Chamberlain v. Aberdeen Asset Mgmt. Ltd., No. 02 CV 5870 (SJ), 2005 WL 195520 (E.D.N.Y. Jan. 21, 2005), vacated pursuant to settlement, 2005 WL 1378757 (E.D.N.Y. Apr. 12, 2005).................................................................................................4, 5

In re Dreyfus Aggressive Growth Mut. Fund Litig., No. 98 Civ. 4318 (HB), 2000 WL 1357509 (S.D.N.Y. Sept. 20, 2000) .................................................................................9

In re Eaton Vance Securities Litigation, 220 F.R.D. 162 (D. Mass. 2004) .....................................9

Fallick v. Nationwide Mutual Insurance Co., 162 F.3d 410 (6th Cir. 1998) .................................9

Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727 (3d Cir. 1970) ....................................................3, 8

Mann v. Kemper Fin. Cos., 247 Ill. App. 3d 966, 618 N.E.2d 317 (1st Dist. 1992) .......................3

Midgal v. Rowe-Price Fleming Int'l Inc., 248 F.3d 321 (4th Cir. 2001) ....................................6, 7

Mutchka v. Harris, No. SACV 05-0034 JVS (C.D. Cal. June 8, 2005)................................ *passim*

In re Nuveen Fund Litigation, No. 94 C 360, 1996 WL 328006 (N.D. Ill. June 11, 1996).............6

Olmsted v. Pruco Life Ins. Co., 283 F.3d 429 (2d Cir. 2002) .....................................................4, 5

Panfil v. Scudder Global Fund, Inc., No. 93 C 7430, 1993 WL 532537 (N.D. Ill. Dec. 20, 1993) ...............................................................................................................................3

Payton v. County of Kane, 308 F.3d 673 (7th Cir. 2002)...........................................................8, 9

Prescott v. Allstate Life Ins. Co., 341 F. Supp. 2d 1023 (N.D. Ill. 2004).......................................6

Strigliabiotti v. Franklin Resources, Inc., No. C 04-0088351, 2005 WL 645529 (N.D. Cal. Mar. 7, 2005)...........................................................................................................3

Strougo v. Bassini, 1 F. Supp. 2d 268 (S.D.N.Y. 1998) ................................................................5

Strougo v. Bassini, 282 F.3d 162 (2d Cir. 2002) ....................................................................4, 5

Williams v. Bank One Corp., No. 03 C 8561, 2003 WL 22964376 (N.D. Ill. Dec. 15,
 2003) ..............................................................................................................................8, 10

Yampolsky v. Morgan Stanley Inv. Advisers Inc., No. 03 Civ. 5710, 2004 WL 1065533
 (S.D.N.Y. May 12, 2004).....................................................................................................7

Young v. Nationwide Life Insurance Co., 2 F. Supp. 2d 914 (S.D. Tex. 1998)..............................6

**STATUTES**

15 U.S.C. § 80a-17(i)......................................................................................................................7

15 U.S.C. § 80a-35(a) .....................................................................................................................6

Fed. R. Civ. P. 12(b)(6)...............................................................................................................1, 7

**OTHER AUTHORITIES**

Mutual Series Fund, Inc., SEC No Action Letter, 1995 S.E.C. No-Act. LEXIS 838 (Nov.
 7, 1995) ................................................................................................................................10

Defendants Van Kampen Funds Inc. and Van Kampen Asset Management respectfully submit this reply memorandum of law in further support of their motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). This memorandum replies to arguments in Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss dated June 6, 2005 ("Opp. Br." or "Opposition Brief").

## PRELIMINARY STATEMENT

Plaintiffs do not dispute that this case against the "Van Kampen Family of Mutual Funds" is one of forty-three identical lawsuits that their counsel filed against the mutual fund industry earlier this year. On June 8, 2005, the United States District Court for the Central District of California dismissed with prejudice the identical complaint plaintiffs' counsel filed against the advisors, trustees and affiliates of the "Allianz Family of Mutual Funds." Mutchka v. Harris, No. SACV 05-0034 JVS (C.D. Cal. June 8, 2005) ("Order").[1] Specifically, the District Court held that plaintiffs' complaint:

- Failed to state a claim under Section 36(a) of the Investment Company Act of 1940 (the "ICA") because that section provides no private right of action under that provision. (Order at 10.)

- Failed to state a claim under ICA § 36(b) because "[t]o conclude that any fee is excessive merely because investment advisors allegedly have breached some other fiduciary duty is inconsistent with the meaning of the statute and thus is rejected by the Court." (Order at 7.)

- Failed to state a claim under ICA § 47(b) because that section is remedial in nature, and plaintiffs failed to establish violations under ICA §§ 36(a) or 36(b). (Order at 11.)

- Failed to state a claim for breach of fiduciary duty and negligence because the complaint "allege[s] an injury to the funds, and thus must be brought

---

[1] A copy of the Order in Mutchka is attached as Exhibit B to the Van Kampen Defendants' Motion For Leave To Cite Additional Authority dated June 15, 2005. A copy of plaintiffs' complaint in that action is attached as Exhibit A to that motion.

derivatively." The court declined to exercise supplemental jurisdiction to allow these claims to be repleaded as derivative claims. (Order at 13.)

Plaintiffs' Opposition Brief here is copied virtually verbatim from the opposition brief their counsel submitted to the District Court in Mutchka.[2] As a result, plaintiffs' stock Opposition Brief responds to arguments that the defendants here did not make, and fails to respond to arguments that the defendants here did make. As the Mutchka court held, and as demonstrated below, plaintiffs' one-size-fits-all opposition brief is not persuasive: the claims set forth in plaintiffs' Complaint, just like the identical claims in the Mutchka complaint, fail to state a cause of action. Since repleading is futile where there is no private right of action and the claims are derivative in nature, plaintiffs' Complaint should be dismissed with prejudice.

## ARGUMENT

### I. COUNTS I, II, III AND V MUST BE DISMISSED BECAUSE THEY ARE DERIVATIVE IN NATURE.

There is no merit to the two arguments plaintiffs advance in support of their contention that their claims may be brought directly – both of which were rejected by the court in Mutchka. Plaintiffs first argue that mutual fund companies are different from traditional corporations in that any increase or decrease in assets is immediately reflected in the per share net asset value (or "NAV") of the Fund. (Opp. Br. at 8.) In Mutchka, the District Court held that this is a distinction without a difference:

> Quite simply, the funds owned the securities and the funds were able to participate in class-action settlements. The fact that Defendants allegedly failed to ensure the participation injured the funds. The [plaintiffs'] injury is identical to every other investor's in that their pro rata share of the fund allegedly

---

[2] Compare Plaintiffs' Opposition Memorandum here with Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss, dated May 11, 2005 in Mutchka (attached as Exhibit A to the Reply Declaration of Steven F. Molo, dated June 21, 2005).

would have been more valuable had Defendants participated in the settlements.

Mutchka, Order at 12-13. In Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727, 733 (3d Cir. 1970), the Third Circuit similarly rejected this distinction and explained that the fact that "the worth of a share of appellee's stock is directly proportionate to the value of a mutual fund's net assets is insufficient to destroy the[] separate identities" of the mutual funds and their shareholders.

Plaintiffs do not address, much less distinguish, any of the cases applying the relevant Delaware or Maryland law cited in our opening memorandum that demonstrate the derivative nature of their claim. The case on which they do rely, Strigliabiotti v. Franklin Resources, Inc., No. C 04-0088351, 2005 WL 645529 (N.D. Cal. Mar. 7, 2005), was decided under California law and, regardless, is inapposite. Critical to the court's conclusion in Strigliabiotti was that "plaintiffs d[id] not allege injury to the Funds themselves." Id. at *8. Here, plaintiffs acknowledge that they cannot bring a direct action under Delaware law where the injury to the Fund holders is not separate and distinct from injury to the Funds. (Opp. Br. at 7.) Because plaintiffs allege injury to the Funds that is passed on to the Fund holders (Compl. ¶ 25), their claim is plainly derivative.

Nor are plaintiffs excused from the need to plead a separate and distinct injury from the Funds because they have alleged breaches of fiduciary duty. The cases to which plaintiffs cite (applying Illinois law) simply do not stand for that proposition.[3] There is no dispute that certain circumstances can give rise to both direct and derivative claims. But

---

[3] See Mann v. Kemper Fin. Cos., 247 Ill. App. 3d 966, 618 N.E.2d 317 (1st Dist. 1992) (allowing claim of material misrepresentation in prospectus to proceed as direct action); Panfil v. Scudder Global Fund, Inc., No. 93 C 7430, 1993 WL 532537, at *3, *4 (N.D. Ill. Dec. 20, 1993) (granting plaintiff's motion for remand to state court and noting in dicta "that the appropriate remedy would be a motion to dismiss in state court" and "not so sure that this action may not be maintained by individuals").

plaintiffs' claims here are classic derivative claims and, absent an injury to a fund holder that is "separate and distinct from the injury to the Funds themselves" – and there is none – they cannot be brought in a direct action.[4]

## II. NO PRIVATE RIGHT OF ACTION EXISTS FOR SHAREHOLDERS UNDER ICA SECTION 36(a) FOR BREACH OF FIDUCIARY DUTY INVOLVING PERSONAL MISCONDUCT (COUNT III) AND ICA SECTION 47(b) FOR VIOLATION OF AN ADVISORY AGREEMENT (COUNT V).

### A. There Is No Private Right Of Action Under ICA Section 36(a) (Count III).

As the Mutchka and Chamberlain courts have held, under governing Supreme Court jurisprudence, there is no private right of action under ICA § 36(a). Mutchka, Order at 10 ("This Court . . . finds that Congress did not intend to create a private right of action in Section 36(a).").

Plaintiffs' argument to the contrary is based solely on a line of cases that are no longer good law and are, instead, part of what the Supreme Court dubbed the "*ancien regime*." Alexander v. Sandoval, 532 U.S. 275, 287 (2001); Chamberlain v. Aberdeen Asset Mgmt. Ltd., No. 02 CV 5870 (SJ), 2005 WL 195520, at *3 (E.D.N.Y. Jan. 21, 2005), vacated pursuant to settlement, 2005 WL 1378757 (E.D.N.Y. Apr. 12, 2005). The 14–plus cases to which plaintiffs cite were all decided prior to the Supreme Court's decision in Alexander and the Second Circuit's decision in Olmsted. Not surprisingly, plaintiffs do not mention, much less distinguish, the many cases decided after Alexander that uniformly hold that there is no implied right of action under the ICA. (VK Br. at 10 n.4.)

In Chamberlain, the district court rejected plaintiffs' argument that the Second Circuit's ruling in Olmsted was somehow limited by its decision a week earlier in Strougo v.

---

[4] Indeed, the Second Circuit has expressly repudiated each of the district court cases to which plaintiffs cite in footnote 2 of their Opposition Brief. Olmsted v. Pruco Life Ins. Co., 283 F.3d 429, 434 & n.4 (2d Cir. 2002).

Bassini, 282 F.3d 162 (2d Cir. 2002). Echoing the words of the Supreme Court, the Chamberlain court held Strougo was "one of the cases representing the *ancien regime*." 2005 WL 195520, at *3.[5] Furthermore, plaintiffs' contention that the January 2005 decision in Chamberlain has lost its "precedential authority" is incorrect. The Chamberlain court's order vacating its decision pursuant to a settlement explicitly reaffirmed the rationale in the original opinion. 2005 WL 1378757, at *1. Chamberlain, Mutchka, and Olmsted compel the conclusion that there is no private right of action under ICA § 36(a).

There is similarly no merit to plaintiffs' attempt to mine the legislative history of the ICA in search of a private right of action. It is not necessary (or appropriate) to look to legislative history where, as here, it is plain from the text of the statute that there was no legislative intent to provide a private right of action (*i.e.*, the side-by-side presence of a private right of action in Section 36(b) and the absence of such a right in Section 36(a)). See Olmsted, 283 F.3d at 435.[6]

### B. There Is No Private Right Of Action Under ICA Section 47(b) (Count V).

Plaintiffs concede that Section 47(b) provides a remedy for violations of other sections of the ICA, not a separate cause of action. (Opp. Br. at 15.) As the court in Mutchka concluded, plaintiffs' claim under ICA § 47(b) must be dismissed because plaintiffs have failed to state a claim under either ICA § 36(a) or § 36(b).

---

[5] Moreover, unlike Olmsted, the Second Circuit in Strougo did not analyze whether a private right of action was available under Section 36(a), and there is no sign in either the appellate or district court opinion that the defendants sought dismissal of the Section 36(a) claims on those grounds. See Strougo v. Bassini, 1 F. Supp. 2d 268 (S.D.N.Y. 1998). Rather, the issue there was whether "Maryland's law of shareholder standing would frustrate the specific federal policy objectives underlying the ICA." Strougo, 282 F.3d at 176.

[6] In any event, the legislative history from 1980 cited by the plaintiffs is not persuasive since ICA § 36(a) was enacted in 1970. See Central Bank v. First Interstate Bank, 511 U.S. 164, 187 (1994) (post-enactment legislative history "deserve[s] little weight in the interpretive process").

### III. PLAINTIFFS FAIL TO STATE A CLAIM UNDER ICA SECTIONS 36(a) (COUNT III) AND 36(b) (COUNT IV).

#### A. Plaintiffs Fail To State A Claim Under Section 36(a) (Count III).

ICA § 36(a) prohibits "any act or practice constituting a breach of fiduciary duty involving personal misconduct." 15 U.S.C. § 80a-35(a). In In re Nuveen Fund Litigation, No. 94 C 360, 1996 WL 328006 (N.D. Ill. June 11, 1996), the Court stated that it "interprets [§36(a)] language to refer to misconduct that involves self-dealing by investment company or other insiders." Id. at *11. Plaintiffs cite this Court to Young v. Nationwide Life Insurance Co., 2 F. Supp. 2d 914 (S.D. Tex. 1998), which cited Nuveen but then decoupled the requisite allegations of self-dealing from misfeasance or nonfeasance. Plaintiffs, however, fail to address, much less distinguish, a subsequent decision of this Court that explicitly rejected Young. See Prescott v. Allstate Life Ins. Co., 341 F. Supp. 2d 1023, 1029 (N.D. Ill. 2004). Under Section 36(a), "'personal misconduct' refers to 'misconduct that involves self-dealing by investment company or other insiders.'" Id. (quoting Nuveen, 1996 WL 328006, at *11). Because there are no allegations of self-dealing, plaintiffs' claim fails.

#### B. Plaintiffs Fail To State A Claim Under Section 36(b) (Count IV).

Plaintiffs attempt to satisfy the requirements of 36(b) by alleging that "*any and all compensation the Van Kampen Defendants received for their services to fund shareholders is excessive.*" (Opp. Br. at 14.) As the court in Mutchka held, plaintiffs' contention that **any** fee is excessive because of an alleged breach of fiduciary duty by the investment advisor is inconsistent with the meaning of the statute. Mutchka, Order at 7; see also VK Br. at 11-12. In Midgal v. Rowe-Price Fleming Int'l, Inc., 248 F.3d 321 (4th Cir. 2001), the court specifically

stated that "[g]eneral breach of fiduciary duty claims which involve merely an incidental or speculative effect on advisory fees are not properly within the scope of Section 36(b)." Id. at 329; see Yampolsky v. Morgan Stanley Inv. Advisers Inc., No. 03 Civ. 5710, 2004 WL 1065533, at *2 (S.D.N.Y. May 12, 2004) ("While the pleading requirements of Rule 8 and Rule 12(b)(6) are liberal, to survive a motion to dismiss in a 36(b) case 'a complaint may not simply allege in a conclusory manner that advisory fees are excessive.'") (citation omitted). But plaintiffs have alleged nothing more here, and their claim fails.

## IV. PLAINTIFFS' STATE LAW CLAIMS ARE PRECLUDED (Counts I and II).

In their Opposition Brief, plaintiffs identify – for the first time – the Funds they purport to own. The Investment Advisory Agreement of each of the Funds in which plaintiffs claim they owned shares precludes investment advisor liability with respect to plaintiffs' negligence and breach of fiduciary duty claims. The Investment Advisory Agreements – which are publicly on file with the SEC – specifically provide that, in the absence of willful misfeasance, gross negligence, and the like, the Adviser shall not be liable to the Fund or its investors for any act or omission in the rendering of its services.[7] See also 15 U.S.C. § 80a–17(i) (liability of investment advisor may be limited *except* when the conduct is alleged to be the result of "willful misfeasance, bad faith, or gross negligence … or … reckless disregard.") Accordingly, the Funds' Investment Advisory Agreements bar these claims against Van Kampen Asset Management.

---

[7] The Investment Advisory Agreements, which are attached as Exhibits B, C and D to the Molo Reply Declaration, are available on the SEC's internet site, www.sec.gov. These filings are properly considered on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). See Anderson v. Simon, 217 F.3d 472, 475-75 (7th Cir. 2000) (on a motion to dismiss, court may consider matters of public record).

## V. PLAINTIFFS LACK STANDING (COUNTS I-V).

Plaintiffs fail to allege a particularized, concrete injury required to establish standing. Our opening memorandum pointed out (at p. 4) that plaintiffs did not "specify whether th[e] particular fund [in which plaintiffs owned shares] was eligible to recover any class action settlement proceeds but failed to do so" but that "[i]nstead, plaintiffs' alleged injury is wholly speculative" and explicitly alleged "upon information and belief." Plaintiffs' 16-page Opposition Brief offers no response. Absent a well-pleaded allegation that one of the Funds in which they held shares failed to participate in a specific class action settlement for which it was eligible, plaintiffs lack standing.

Plaintiffs similarly do not respond to defendants' argument as to why plaintiffs cannot assert claims relating to Funds in which they hold no interest. Two cases discussed in our opening memorandum hold that a plaintiff may not maintain a suit against funds in which he does not hold shares. VK Br. at 4-5 (citing Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727 (3d Cir. 1970) and Williams v. Bank One Corp., No. 03 C 8561, 2003 WL 22964376 (N.D. Ill. Dec. 15, 2003)). Plaintiffs' Opposition Brief does not mention these cases, much less distinguish them.

Instead, plaintiffs' Opposition Brief offers a lengthy (and irrelevant) discussion of class certification, arguing that the named plaintiffs' attempt to represent investors in other funds would only be relevant to a class certification analysis. (Opp. Br. at 4-5.) Plaintiffs' reliance on Payton v. County of Kane, 308 F.3d 673 (7th Cir. 2002) is misplaced. In Payton, "[t]he[] putative representatives were personally injured by the operation of the very same statute that caused the injuries to all other members of the proposed class." Id. at 682. Because all of the alleged injuries were anchored in a common statute, the Seventh Circuit determined that under these limited circumstances, class certification could be considered prior to determining whether

the plaintiff had standing. Here, the alleged injuries arise out of fact-specific circumstances that would be particular to each Fund. Accordingly, plaintiffs cannot acquire standing through the "back door of a class action." Id. (citation omitted)[8]

The case on which plaintiffs primarily rely is an ERISA case that has been explicitly rejected in the mutual fund context. In Fallick v. Nationwide Mutual Insurance Co., 162 F.3d 410 (6th Cir. 1998), the Sixth Circuit held that plaintiff, having established individual standing, could serve as class representative for class members who were participants or beneficiaries in ERISA plans in which plaintiff was not a participant. This does not apply to mutual funds. In In re Eaton Vance Securities Litigation, 220 F.R.D. 162 (D. Mass. 2004), the district court ruled that plaintiffs who held shares in two mutual funds lacked standing to sue two other mutual funds in which plaintiffs had not invested, and thus plaintiffs could not represent other investors who had purchased shares in those funds. In rejecting plaintiffs' arguments based on Fallick, the district court underscored that "[Sixth] [C]ircuit precedent interpreting ERISA, a statute that is not at issue in the present case, was an important factor in the [Fallick] court's decision regarding Article III standing." Id. at 168. Moreover, the court noted "the need for strict standing requirements 'are particularly important in the area of securities litigation, in order to curb the risks of vexatious litigation and abuse of discovery.'" Id. (citation omitted).[9]

---

[8] Plaintiffs' other class certification cases do not support their argument. Courts have held that "class representatives need not have invested in each security so long as the plaintiffs have alleged a single course of wrongful conduct with regard to each security." In re Dreyfus Aggressive Growth Mut. Fund Litig., No. 98 Civ. 4318 (HB), 2000 WL 1357509, at *8 (S.D.N.Y. Sept. 20, 2000). Here, however, there is no single course of conduct for proof of claim filings that is alleged to have been followed by each of the over forty retail funds in the Van Kampen Family of Funds (some of which have been obtained by acquisition).

[9] The Mutchka court held that plaintiffs had adequately pleaded standing, accepting plaintiffs' argument based on Fallick. (Order at 3-5.) The defendants' submissions in Mutchka, however, did not address plaintiffs' reliance on Fallick. Moreover, the Mutchka court did not opine on the alternative standing argument raised here, namely that, absent a well pleaded allegation that one

Because plaintiffs have failed to allege the particularized injury required with respect to Funds held by them and cannot establish standing for Funds in which they hold no interest, the Complaint must be dismissed in its entirety.[10]

## CONCLUSION

For the foregoing reasons, and the reasons set forth in defendants' opening memorandum, plaintiffs' Complaint should be dismissed with prejudice.

Dated: June 21, 2005

Respectfully submitted,

SHEARMAN & STERLING LLP

By:_____
   Steven F. Molo
   Brian H. Polovoy

180 North Stetson Court
Two Prudential Plaza
Suite 5780
Chicago, Illinois 60601
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
Attorneys for Defendants
Van Kampen Funds Inc. and
Van Kampen Asset Management

---

of the Funds in which plaintiffs held shares failed to participate in a specific class action settlement for which it was eligible, plaintiffs lack standing.

[10] Plaintiffs also argue that the "ICA expressly grants standing to holders of registered investment companies, not mutual funds," and they thereto have standing with respect to all funds organized under the same investment company, regardless of their actual holdings. (Opp. Br. at 4.) This argument makes no sense in this case because, as plaintiffs acknowledge elsewhere, each of the nine Funds in which they claim to hold an interest is the "sole series of funds within their respective investment company." (Opp. Br. at 4.) Moreover, both the Securities and Exchange Commission and federal courts have rejected plaintiffs' argument. See Mutual Series Fund, Inc., SEC No Action Letter, 1995 SEC No-Act. LEXIS 838 (Nov. 7, 1995); Williams v. Bank One Corp., No. 03 C 8561, 2003 WL 22964376, at *1 (N.D. Ill. Dec. 15, 2003) (noting that a series fund is analogous to "separate subsidiaries (the various mutual funds) that share a common parent (the . . . business trust)" and that "[w]hat controls . . . is the total separateness of the beneficial interest [of] the funds").